**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY A. JONES, | No. 13-15690 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03206-MCE |
| v. | |
| SAHOTA, Doctor, Chief Physician; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Henry A. Jones appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his health and safety. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Jones's medical deliberate indifference claims because Jones failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his chronic insomnia. *See id.* at 1057-58, 1060 (deliberate indifference is a high legal standard; mistakes, negligence, or malpractice by medical professionals are not sufficient to constitute deliberate indifference, nor is an inmate's difference of opinion with the physician regarding the appropriate course of treatment).

The district court properly granted summary judgment on Jones's deliberate indifference to safety claim against Vanderostyne because Jones failed to raise a genuine dispute of material fact as to whether Vanderostyne knew of and disregarded an excessive risk to Jones's safety when she denied Jones's request to be single celled. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (claim of deliberate indifference requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety").

We reject Jones's contentions concerning discovery because the record shows that Jones received notice of his right to conduct discovery, as well as his rights and obligations in responding to defendants' motion for summary judgment.

13-15690

We treat Jones's letter received on January 31, 2014, as a request to file a late repy brief, and grant the request. The Clerk shall file the reply brief submitted on November 12, 2013.

**AFFIRMED.**